**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-25037-ALTMAN**

**ANDRES DAVID VILLACIS JARAMILLO**,

*Petitioner*,

*v.*

**WARDEN, KROME SERVICE PROCESSING CENTER**, *et al.*,

*Respondents.*
________________________________________/

## ORDER

The Respondents have filed a Notice of Informal Interview (the "Notice") [ECF No. 17], in compliance with our October 6, 2026 Order [ECF No. 16]. They explain that, "[o]n October 8, 2026, [they] provided [the] Petitioner with an informal interview." Notice at 1; *see also* Exhibit A [ECF No. 17-1]. Having already disposed of the Petitioner's claim, *see* September 15, 2026 Order [ECF No. 13] ("Both sides agree that our Petitioner has been in custody since July 17, 2026. His *Zadvydas* claim thus fails as premature—and so does any due-process theory that may be conditioned on that claim." (citations omitted)), we now find moot the remaining claim set forth by the Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], which "hinge[d] on whether [the Petitioner] received an adequate interview after he was in custody," *id.* at 3. Accordingly, we **DENY without prejudice** the Petition and **DIRECT** the Clerk of Court to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 9, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov